*DOCUMENT ELECTRONICALLY FILED*

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------x
ROLAND CHAVEZ, on behalf of himself and
those similarly situated,

      Plaintiff,

v.

ROBERT WOOD JOHNSON HEALTH SYSTEM, ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL HAMILTON and JOHN DOES 1-10,

      Defendants.
---------------------------------x

CIVIL ACTION NO. 11-cv-7097-PGS-LHG

---

**BRIEF IN SUPPORT OF DEFENDANT ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL HAMILTON'S MOTION TO PARTIALLY DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

                EPSTEIN BECKER & GREEN, P.C.
                Attorneys for Defendant
                Robert Wood Johnson University
                Hospital Hamilton
                One Gateway Center, 13th Floor
                Newark, New Jersey 07102
                (973) 642-1900

OF COUNSEL:
  Kerry M. Parker

ON THE BRIEF:
  Daniel R. Levy
  Kerry M. Parker

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..........................................2

    I.    The Parties......................................................................................2

    II.    Procedural History..........................................................................2

    III.    Plaintiff's Rounding Claim.............................................................3

    IV.    Plaintiff's Lunch Deductions Claim...............................................5

LEGAL ARGUMENT........................................................................................................6

POINT I ..............................................................................................................................6

    PLAINTIFF'S ROUNDING CLAIM FAILS AS A MATTER
    OF LAW BECAUSE RWJUHH MAINTAINED A NEUTRAL
    TIME ROUNDING POLICY ...............................................................................6

POINT II .............................................................................................................................9

    PLAINTIFF'S ROUNDING CLAIM AND LUNCH
    DEDUCTION CLAIM SHOULD BE DISMISSED
    BECAUSE THEY DO NOT MEET THE PLEADING
    STANDARD ARTICULATED BY THE SUPREME
    COURT IN TWOMBLY AND IQBAL .................................................................9

    A.    Plaintiff's Rounding Claim Should Be Dismissed
          Because It Does Not Contain Sufficient Allegations To
          Satisfy The Pleading Standard.........................................................10

    B.    Plaintiff's Lunch Deduction Claim Should Be
          Dismissed Because RWJUHH's Meal Break Policy
          Does Not Violate The FLSA, And Alternatively,
          Plaintiff's Claim Does Not Contain Sufficient
          Allegations To Satisfy The Pleading Standard................................ 12

CONCLUSION................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

Adair v. Wis. Bell, Inc., 2008 U.S. Dist. LEXIS 68942 (E.D. Wis. Sept. 11, 2008) ................... 6, 7

Alonzo v. Maximus, Inc., 2011 U.S. Dist. LEXIS 150265 (C.D. Cal. Dec. 5, 2011) ...................... 6

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) ........................................................................... *passim*

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ............................................................ 1, 9, 10, 14

Brock v. Claridge Hotel & Casino, 664 F.Supp. 899 (D.N.J. 1987) ..................................... 12, 13

Brown v. Interbay Funding LLC, 198 Fed. Appx. 223 (3d Cir. 2006), cert. denied, 549 U.S. 1280 (2007) ........................................................................................... 2

Camesi v. Univ. of Pittsburgh Med. Ctr., 2011 U.S. Dist. LEXIS 146067 (W.D. Pa. Dec. 20, 2011) ........................................................................................................ 12, 13

Castillo v. Case Farms of Ohio, Inc., 96 F.Supp. 2d 578 (W.D. Tex. 1999) ............................... 12

Contini v. United Trophy Mfg., 2007 U.S. Dist. LEXIS 42510 (M.D. Fla. Jun. 12, 2007) .......................................................................................................... 7

Dominguez v. Quigley's Ir. Pub, Inc., 790 F.Supp. 2d 803 (N.D. Ill. 2011) ......................... 6, 7, 11

East v. Bullock's, Inc., 34 F.Supp. 2d 1176 (D. Ariz. 1998) ............................................... 6, 7, 11

Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247 (W.D.N.Y. 1998) .............................. 2

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ............................................... 9, 10, 14

Godlewski v. Affiliated Computer Servs., 210 F.R.D. 571 (E.D. Va. 2002) .................................. 3

Harding v. Time Warner, Inc., 2010 U.S. Dist. LEXIS 5896 (S.D. Cal. Jan. 26, 2010) ................................................................................................... 10, 11

Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 598 (N.D. Iowa 2006) .................................................................................. 2

In re Westinghouse Sec. Litig., 90 F.3d 696 (3d Cir. 1996) ........................................................ 7

Pagano v. Bell Atlantic New Jersey, Inc. 988 F.Supp. 841 (D.N.J. 1997) ................................... 7

Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192 (3d Cir. 1993) .................................................................................................... 7

Reich v. Chez Robert, Inc., 821 F.Supp. 967 (D.N.J. 1993),
rev'd in part on other grounds, 28 F.3d 401 (3d Cir. 1994)..................................12, 13

Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).................................................................7

White v. Baptist Mem. Health Care Corp., 2011 U.S. Dist. LEXIS 52928,
2011 WL 1883959 (W.D. Tenn. May 17, 2011) ..........................................................12

## STATUTES

29 U.S.C. § 206..............................................................................................................12

29 U.S.C. § 207..............................................................................................................12

29 U.S.C. § 216(b)...........................................................................................................2

## REGULATIONS AND RULES

29 C.F.R. § 785.19(a)..............................................................................................12, 13

29 C.F.R. § 785.48(b)..........................................................................................6, 7, 11

Fed.R.Civ.P. 8(a) .......................................................................................................9, 14

Fed.R.Civ.P. 12(a) ...........................................................................................................2

Fed.R.Civ.P. 12(b) ........................................................................................................1, 2

Fed.R.Civ.P. 56...............................................................................................................7

## PRELIMINARY STATEMENT

After being terminated from his employment for endangering the lives of patients while working at defendant Robert Wood Johnson University Hospital Hamilton (hereinafter "RWJUHH"), Plaintiff filed a collective action Complaint against RWJUHH and Robert Wood Johnson Health System alleging violations of the Fair Labor Standards Act ("FLSA"), on behalf of himself and those similarly situated.[1]  Specifically, Plaintiff alleges that RWJUHH violated the FLSA by: (i) utilizing a rounding system when computing payroll (hereinafter "rounding claim"); (ii) deducting 30-minutes of paid time for lunch breaks (hereinafter "lunch deduction claim"); and (iii) not properly including shift differentials when calculating overtime pay.

In lieu of an Answer, RWJUHH now moves this Court for an Order dismissing Plaintiff's rounding claim and lunch deduction claim for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).[2]  As set forth more fully below, Plaintiff's rounding claim fails where Plaintiff admits RWJUHH maintained a neutral rounding policy and where Plaintiff does not allege he was ever disciplined under the policy.  Similarly, Plaintiff's lunch deduction claim fails to state a claim as meal breaks do not violate the FLSA, and Plaintiff does not allege one instance when he did not take a meal break and was not paid as a result.

In addition, Plaintiff's rounding claim and lunch deduction claim further fail because Plaintiff's threadbare pleading of these two claims fails to satisfy the pleading requirements set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

---

[1] Two days after Plaintiff filed his collective action complaint, he filed another complaint in this Court against RWJUHH alleging unlawful retaliation in violation of the FLSA, as well as retaliation claims under New Jersey state law.  (See Chavez v. Robert Wood Johnson Health System, et al., Civil Action No. 11-cv-7123 (PGS)(TJB)).  Plaintiff's retaliation complaint is not the subject of this motion.

[2] RWJUHH does not, at this time, move to dismiss Plaintiff's claim alleging improper calculation of overtime pay.  Although RWJUHH denies Plaintiff's allegations, RWJUHH does not move on that claim at this time because, under Fed.R.Civ.P. 12(b)(6), Plaintiff has pled a claim under the FLSA.

1

# STATEMENT OF FACTS AND PROCEDURAL HISTORY[3]

## I. The Parties

1. Roland Chavez ("Plaintiff" or "Chavez") is an individual residing at 372 Bath Avenue, Apt. 27, Long Branch, New Jersey. (ECF # 1, Complaint ("Compl.")).

2. RWJUHH is an acute care hospital with its principal place of business at 1 Hamilton Health Place, Hamilton, New Jersey. (ECF # 1, Compl., at ¶ 9).

3. Chavez was employed by RWJUHH. (ECF # 1, Compl., at ¶ 16).

## II. Procedural History

4. On or about December 5, 2011, Plaintiff filed a Collective Action Civil Complaint against RWJUHH and Robert Wood Johnson Health System in the United States District Court for the District of New Jersey, Civil No. 11-7097 (PGS) ("Complaint"). (ECF # 1, Compl.).

5. Plaintiff's Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). (Id. at ¶ 15).

6. The Complaint alleges the following three violations of the FLSA: (i) unlawful rounding; (ii) unlawful lunch deductions; and (iii) unlawful overtime rates. (Id.)

7. On January 19, 2012, the Court granted Defendants' application for a Consent Order Extending Defendants' Time to File a Responsive Pleading that extended the time within which RWJUHH may file an answer or other responsive document to the Complaint to January 31, 2012.[4] (ECF # 10).

---

[3] For purposes of this motion, RWJUHH assumes the truth of the allegations in Plaintiff's Complaint but reserves its rights to contest these allegations at a later time. Defendants rely upon the accompanying Certification of Bruce Colligan ("Colligan Cert."), and the documents annexed thereto.

[4] The filing of the instant motion enlarges the applicable period of time for RWJUHH to serve an Answer or other responsive pleading. See Brown v. Interbay Funding LLC, 198 Fed. Appx. 223, 225 (3d Cir. 2006), cert. denied, 549 U.S. 1280 (2007); see also Fed. R. Civ. P. 12(a)(4)(A). When a motion to dismiss is made with reference to some, but not all, of plaintiff's claims, defendant is still entitled to a 14-day extension from the disposition of the motion in answering all claims, even those not challenged by the motion to dismiss. See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("Rule 12(a) plainly contemplates that a Rule 12(b) motion will extend the time to answer as to all claims, even those not challenged in the Rule 12(b)

2

### III. Plaintiff's Rounding Claim

8. When computing payroll, RWJUHH utilizes a rounding system that rounds to 15-minute intervals. (ECF # 1, Compl., at ¶ 27).

9. When computing payroll, RWJUHH rounds up to the next 15-minute interval if an employee clocks in no more than 8 minutes before the next 15-minute interval, and RWJUHH rounds down to the previous 15-minute interval if an employee clocks in no more than 7 minutes after the previous 15-minute interval. (Id. at ¶¶ 28-29).

10. Plaintiff alleges, "by way of example, an employee who clocks in between 6:52-7:07 will be treated by [RWJUHH's] payroll computations as having clocked in at 7:00." (Id. at ¶ 30).

11. RWJUHH utilizes the same rounding system for clock outs, so by way of example, an employee who clocks out between 6:52-7:07 will be treated by RWJUHH's payroll computations as having clocked out at 7:00. (Id. at ¶¶ 31-32).

12. Plaintiff alleges that "[v]iewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out." (Id. at ¶ 33).

13. Plaintiff alleges that RWJUHH utilizes a disciplinary system that "transforms [RWJUHH's] rounding system into a system which is substantially rigged in Defendants' favor." (Id. at ¶ 34).

---

motion"); Godlewski v. Affiliated Computer Servs., 210 F.R.D. 571, 572 (E.D. Va. 2002) (filing of a motion that addresses only part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion); Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247, 249-250 (W.D.N.Y. 1998) (filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion). Accordingly, RWJUHH may serve their Answer within 14 days after notice of this Court's action on this motion.

3

14. Quoting RWJUHH's E-Time Policies and Procedures, Plaintiff alleges that employees "must clock in 'within seven minutes before the start of their shift[,]'" and "must clock out 'within seven minutes after the end of their shift.'" (Id. at ¶¶ 35, 37).

15. RWJUHH's E-Time Policies and Procedures states, in pertinent part, that "[e]mployees will use their I.D. badge to punch in within seven minutes before the start of their shift and within seven minutes after the end of their shift. Any deviation to the normal shift must be communicated to the Supervisor as soon as possible." (Colligan Cert., Ex. A).

16. Plaintiff alleges that pursuant to RWJUHH's employment policies, employees "are subject to discipline if they clock in after the start of their shift[,]" and that employees are subject to discipline if they are tardy in a manner that results in RWJUHH's rounding system increasing the compensable time. (ECF # 1, Compl., at ¶¶ 36, 42).

17. Plaintiff alleges that as a result of RWJUHH's employment policies, employees "typically clock in and begin working prior to the start of their shift, and as much as 7 minutes before the start of their shift[,]" and that employees "do not typically arrive after the official start time of their shifts, because if they did so, they would be subject to discipline." (Id. at ¶¶ 38-39).

18. RWJUHH's E-Time Policies and Procedures does not state that employees are subject to discipline if they clock in more than seven minutes before the start of their shift or clock out more than seven minutes after the end of their shift. That policy requires simply that any deviation from the scheduled shift be communicated to the employee's supervisor. (Colligan Cert., Ex. A).

19. RWJUHH's Personal Conduct policy does not state that employees are subject to disciplinary action if they clock in more than seven minutes before the start of their shift or clock out more than seven minutes after the end of their shift. The Personal Conduct policy states only

4

that employees are subject to disciplinary action for "[e]xcessive absenteeism or tardiness[.]" (Colligan Cert., Ex. B).

20. Plaintiff's Complaint is devoid of any specific allegation claiming he was denied proper overtime compensation as a result of RWJUHH's rounding system. (See ECF # 1, Compl., at ¶¶ 25-48).

### IV. Plaintiff's Lunch Deductions Claim

21. Plaintiff alleges that employees may take a 30-minute unpaid lunch break each shift. (ECF # 1, Compl., at ¶ 50).

22. Plaintiff alleges that RWJUHH automatically deducts 30 minutes of paid time from his and other employees' paychecks, whether or not a lunch break is taken. (Id. at ¶ 51).

23. Plaintiff alleges that pursuant to RWJUHH policies, he and other employees are subject to discipline if they take a lunch break that lasts longer than 30 minutes. (Id. at ¶ 53).

24. RWJUHH's Hours of Work policy provides that one unpaid meal period of 30 minutes in length shall be authorized, and that "[i]f the employee for any reason cannot complete the meal period, the Department Director shall be notified so that arrangements can be made for an alternate meal period." (Colligan Cert., Ex. C).

25. Plaintiff alleges that he and other employees are "routinely docked for 30-minute lunch breaks even when they do not take a bona-fide meal break of at least 30 minutes[,]" and that as a result Plaintiff has been denied proper overtime compensation. (ECF # 1, Compl., at ¶¶ 54-55).

26. Plaintiff's Complaint is devoid of any specific allegation claiming he was denied proper overtime compensation as a result of a lunch break that he did not take. (See id. at ¶¶ 49-55).

## LEGAL ARGUMENT

### POINT I

#### PLAINTIFF'S ROUNDING CLAIM FAILS AS A MATTER OF LAW BECAUSE RWJUHH MAINTAINED A NEUTRAL TIME ROUNDING POLICY.

It is well settled that an employer may utilize a rounding system when computing payroll provided that it does not result in a failure to compensate employees for time actually worked. See, e.g., 29 C.F.R. § 785.48(b); Dominguez v. Quigley's Ir. Pub, Inc., 790 F.Supp. 2d 803, 816 (N.D. Ill. 2011); East v. Bullock's, Inc., 34 F.Supp. 2d 1176, 1184 (D. Ariz. 1998); Adair v. Wis. Bell, Inc., 2008 U.S. Dist. LEXIS 68942, at *30 (E.D. Wis. Sept. 11, 2008). The Department of Labor regulation specifically states that an employer's rounding of time to the nearest quarter of an hour "**will be accepted**, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b) (emphasis in bold); see also Alonzo v. Maximus, Inc., 2011 U.S. Dist. LEXIS 150265, at *8 (C.D. Cal. Dec. 5, 2011) ("regulation permits employers to use a rounding policy for recording and compensating employee time").

"The presumption underlying the regulation is that this arrangement averages out so that employees are fully compensated for all the time they actually worked." East, 34 F.Supp. 2d at 1184. As such, an employer's rounding practice complies with § 785.48(b) if the employer applies a consistent rounding policy that favors neither overpayment nor underpayment. See, e.g., East, 34 F.Supp. 2d at 1184 (dismissing plaintiff's rounding claim where "evidence show[ed] that [employer's] rounding system may not credit employees for all the time actually worked, but it also credits employees for time not actually worked" so that the employer's "rounding practices average[d] out sufficiently to comply with § 785.48(b)); see also Alonzo, 2011 U.S. Dist. LEXIS 150265, at *11, *17 (dismissing plaintiff's rounding claim where the

6

employer maintained a "facially neutral time rounding policy); Adair, 2008 U.S. Dist. LEXIS 68942, at *30-*32 (approving policy where there was no evidence to suggest it systematically favored employer); Contini v. United Trophy Mfg., 2007 U.S. Dist. LEXIS 42510, at *9-*11 (M.D. Fla. Jun. 12, 2007) (dismissing plaintiff's FLSA claim where employer used a consistent policy as to the rounding of clocking-in and clocking-out that applied to all employees).

As Plaintiff acknowledges here, RWJUHH's payroll practice systematically rounds time down if the employee clocks-in no more than 8 minutes before the next 15-minute interval, and RWJUHH rounds down to the previous 15-minute interval if an employee clocks in no more than 7 minutes after the previous 15-minute interval. (ECF # 1, Compl., at ¶¶ 28-29). RWJUHH uses the same payroll practice for employee clock-outs. (Id. at ¶ 31). As admitted by Plaintiff, RWJUHH's rounding policy favors neither Plaintiff nor Defendant. (Id. at ¶ 33). Accordingly, RWJUHH's policy complies with applicable law. See 29 C.F.R. § 785.48(b); Dominguez, 790 F.Supp. 2d at 816; East, 34 F.Supp. 2d at 1184; Adair, 2008 U.S. Dist. LEXIS 68942, at *30.

Plaintiff's allegations concerning an alleged "disciplinary system" do not change the analysis where the policy itself is neutral on its face and does not contain any disciplinary procedure. That policy states that "[e]mployees will use their I.D. badge to punch in within seven minutes before the start of their shift and within seven minutes after the end of their shift. Any deviation to the normal shift must be communicated to the Supervisor as soon as possible."[5]

---

[5] The Court may consider RWJUHH's policies without converting this motion to a Rule 56 summary judgment motion because "[i]t is well settled that a court may refer to 'undisputably authentic documents' attached as exhibits to a defendant's motion to dismiss if plaintiff's 'claims are based upon these documents.'" Pagano v. Bell Atlantic New Jersey, Inc. 988 F.Supp. 841, 844, n.1. (D.N.J. 1997) (quoting In re Westinghouse Sec. Litig., 90 F.3d 696, 707 (3d Cir. 1996)); see also Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) (reaffirming that authentic documents may be considered by court "without converting [motion to dismiss] to a motion for summary judgment"); Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). Here, Plaintiff's claims are grounded in RWJUHH's policies as his Complaint both quotes and refers to these policies. He cannot reasonably challenge the authenticity of those documents.

(Colligan Cert., Ex. A). Under the terms of that policy, Plaintiff was not subject to discipline if he clocked-in more than seven minutes before the start of his shift or clocked out more than seven minutes after the end of his shift. (Colligan Cert., Ex. A). Moreover, RWJUHH's Personal Conduct policy does not provide for disciplinary action if employees clock-in more than seven minutes before the start of their shift or clock-out more than seven minutes after the end of their shift.[6] (Colligan Cert., Ex. B). Plaintiff's allegation of "disciplinary action" is refuted by the language of the very policies upon which he relies. Further, Plaintiff makes no allegation that he actually was disciplined based upon the Personal Conduct policy.

Therefore, Plaintiff's rounding claim fails as a matter of law. Accordingly, the Court should grant RWJUHH's motion and dismiss Plaintiff's rounding claim with prejudice.

---

[6] The Personal Conduct policy states only that employees are subject to disciplinary action for "[e]xcessive absenteeism or tardiness[.]" (Colligan Cert., Ex. B).

8

## POINT II

### PLAINTIFF'S ROUNDING CLAIM AND LUNCH DEDUCTION CLAIM SHOULD BE DISMISSED BECAUSE THEY DO NOT MEET THE PLEADING STANDARD ARTICULATED BY THE SUPREME COURT IN TWOMBLY AND IQBAL.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has made clear that the pleading standard Rule 8 announces does not demand detailed factual allegations, but it requires more than an unadorned "the-defendant-unlawfully-harmed-me accusation." Iqbal, supra, 129 S. Ct. at 1950 (citing Twombly, supra, 550 U.S. at 555); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id.

To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is **plausible** on its face" and also must state sufficient facts to raise plaintiff's right to relief above the speculative level. Twombly, 550 U.S. at 555 (emphasis in bold). A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. To meet this test, the plaintiff must show more than a sheer possibility that a defendant has acted unlawfully. Id. When ruling on a motion to dismiss, courts have a role as a gatekeeper to prevent a plaintiff with "a largely groundless claim" from being allowed to "take up the time of a number of other people." Twombly, 550 U.S. at 557-58. In making this determination, the court should "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. As a result, "pleading standards have seemingly shifted from simple notice pleading to a more

9

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler, 578 F.3d at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 210 (quoting Iqbal, 129 S.Ct. at 1948).

A.  **Plaintiff's Rounding Claim Should Be Dismissed Because It Does Not Contain Sufficient Allegations To Satisfy The Pleading Standard.**

Simply put, Plaintiff's rounding claim fails to meet the pleading standard espoused in Twombly and Iqbal. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1950.

An allegation that an employer maintains a practice of "rounding" is insufficient to plausibly suggest a violation of the FLSA where the Complaint "does not contain **specific** factual allegations which suggest that, in practice, [the employer's] policies resulted in Plaintiff and other employees being underpaid." Harding v. Time Warner, Inc., 2010 U.S. Dist. LEXIS 5896, at *14 (S.D. Cal. Jan. 26, 2010) (emphasis in bold). The court in Harding granted defendant's motion to dismiss plaintiff's rounding claims under the FLSA where the complaint did not contain specific factual allegations establishing that plaintiff had, in fact, worked overtime, received less than all wages due to him, or that plaintiff's time records were inaccurate. Id. at *14-*15.

Plaintiff's rounding claim contains only bare conclusions without any specific facts or any identifiable events. Plaintiff alleges only that RWJUHH utilized a rounding system that

appeared to neither favor RWJUHH nor their employees.[7] (ECF # 1, Compl., at ¶ 33). Plaintiff provides only generalizations. For example, Plaintiff alleges that as a result of RWJUHH's policies, employees "**typically** clock in and begin working prior to the start of their shift[;]" they "do not **typically** arrive after the official start time of their shifts[;]" and they "do not **typically** leave work early; instead, they **typically** leave work and clock out between the end of their shift and 7 minutes thereafter." (ECF # 1, Compl., at ¶¶ 38, 39, 44) (emphasis in bold). As a further example of Plaintiff's failure to include specific facts to support his allegations, the Complaint alleges that "**most of the time**, the rounding system which occurs at the end of the shift decreases the amount of compensable time Defendants pay their employees." (Id. at ¶ 45) (emphasis in bold). Without citing to any specific instances where Plaintiff was allegedly not paid for overtime as a result of RWJUHH's rounding system, Plaintiff makes the conclusory allegation that he and other employees were "denied proper overtime compensation." (Id. at ¶ 48).

Plaintiff's rounding allegations are precisely the type of "labels and conclusions" that the Supreme Court instructed are not permitted. See Iqbal, 129 S.Ct. at 1949. Plaintiff's rounding claim contains only a "naked assertion" that fails to contain specific factual allegations. See id.; see also Harding, 2010 U.S. Dist. LEXIS 5896, at *14 (dismissing plaintiff's rounding claim under the FLSA where the complaint failed to contained specific factual allegations).

Accordingly, the Court should grant RWJUHH's motion and dismiss Plaintiff's rounding claim.

---

[7] As set forth in Point I above, the FLSA specifically permits such a rounding system to be employed when calculating payroll. See, e.g., 29 C.F.R. § 785.48(b); Dominguez, supra, 790 F.Supp. 2d at 816; East, supra, 34 F.Supp. 2d at 1184.

11

**B.     Plaintiff's Lunch Dedcution Claim Should Be Dismissed Because RWJUHH's Meal Break Policy Does Not Violate The FLSA, And Alternatively, Plaintiff's Claim Does Not Contain Sufficient Allegations To Satisfy The Pleading Standard.**

It is well established that a meal period of thirty minutes may be deducted provided that the employee is relieved from his or her work duty. See, e.g., 29 C.F.R. § 785.19(a); see also Reich v. Chez Robert, Inc., 821 F.Supp. 967, 977 (D.N.J. 1993) (employer may claim a meal credit if the employee is given a break of at least 30 minutes and the employee is required to perform no work-related functions during the break), rev'd in part on other grounds, 28 F.3d 401 (3d Cir. 1994); Brock v. Claridge Hotel & Casino, 664 F.Supp. 899, 907 (D.N.J. 1987) (recognizing that bona fide meal periods are not compensable). Consequently, "'**an employer policy providing automatic deductions for meal breaks does not violate the FLSA.**" Camesi v. Univ. of Pittsburgh Med. Ctr., 2011 U.S. Dist. LEXIS 146067, at *15 (W.D. Pa. Dec. 20, 2011) (quoting White v. Baptist Mem. Health Care Corp., 2011 U.S. Dist. LEXIS 52928, 2011 WL 1883959, at *10 (W.D. Tenn. May 17, 2011)) (emphasis in bold).

Moreover, even if a plaintiff can establish that a meal break did somehow violate the regulation, such a claim is only actionable to the extent that the employee worked in excess of forty hours in a given week because nowhere in the FLSA or its regulations is there any prohibition on deductions from wage payments. See 29 U.S.C. §§ 206 and 207 (the FLSA simply governs minimum wage, overtime compensation and the maximum hours worked).[8] Indeed, a meal break deduction is only actionable if the employee can first satisfy the FLSA regulations and that the employee worked in excess of 40 hours in a given week, either before or after accounting for disputed meal breaks. See Camesi, 2011 U.S. Dist. LEXIS 146067, at *3-*4

---

[8] While deductions under the FLSA can lead to violations of the law if they have the effect of "deprive[ing] a worker of the federally mandated minimum wage or overtime pay," deductions in and of themselves cannot violate the FLSA. See Castillo v. Case Farms of Ohio, Inc., 96 F.Supp. 2d 578, 637 (W.D. Tex. 1999).

12

(recognizing that if an employee did not work over 40 hours in a given week, the employee cannot have a bona fide claim for meal break deductions).

Here, Plaintiff's Complaint is completely devoid of any specific allegation that RWJUHH's meal deduction violated the FLSA. Plaintiff does not allege one specific instance when he did not take a lunch break and was not paid as a result. Even if he did, Plaintiff's allegation would still fail to state a claim because RWJUHH's Hours of Work policy provides that one unpaid meal period of 30 minutes in length shall be authorized, and that "[i]f the employee for any reason cannot complete the meal period, the Department Director shall be notified so that arrangements can be made for an alternate meal period." (Colligan Cert., Ex. C). Plaintiff does not allege one instance where he informed the Department Director that he was unable to take lunch. Consequently, Plaintiff cannot state a claim for improper lunch deductions. See 29 C.F.R. § 785.19(a); Reich, 821 F.Supp. at 977; Brock, 664 F.Supp. at 907; Camesi, 2011 U.S. Dist. LEXIS 146067, at *15.

A review of the entirety of Plaintiff's allegations (paragraphs 50 through 55 of the Complaint) concerning his claim for unlawful lunch deductions demonstrate the absence of a viable claim:

> 50. Per Defendants' policies, Named Plaintiff and Plaintiffs may take a 30-minute unpaid lunch break each shift.
>
> 51. However, Defendants automatically deduct 30 minutes of paid time from Named Plaintiffs' and Plaintiffs' paychecks for each shift Named Plaintiff and Plaintiffs work, whether or not a lunch break is taken.
>
> 52. Accordingly, Defendants do not accurately track Named Plaintiff's and Plaintiffs' time for "unpaid breaks."
>
> 53. In addition, Named Plaintiff and Plaintiffs are subject to discipline if they take a lunch break which lasts longer than 30 minutes.

> 54. Named Plaintiff and Plaintiffs are routinely docked for 30-minute lunch breaks even when they do not take a bona-fide meal break of at least 30 minutes.
>
> 55. Named Plaintiff and Plaintiffs routinely work overtime, this unpaid time results has resulted [sic] in Named Plaintiff and Plaintiffs being denied proper overtime compensation.

(ECF # 1, Compl., at ¶¶ 50-55). Plaintiff's conclusory allegations do not meet the pleading standard of Rule 8. Absent from the lunch deduction claim is any factual content that would allow the Court to determine the plausibility of Plaintiff's claim. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Simply stated, Plaintiff's lunch deduction claim fails because it does not contain any sufficient factual matter to support the claim. See Fowler, 578 F.3d at 211. Specifically, the Complaint does not allege even one instance where Plaintiff did not take a "bona-fide" meal break, that he was disciplined based upon a meal break, or he was not paid for any instance where he did not get a full meal break.

Accordingly, Plaintiff's lunch deduction claim fails to state a claim, and the Court should grant Defendant's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, RWJUHH respectfully requests that its motion be granted and that Plaintiff's claims alleging rounding and lunch deductions be dismissed with prejudice.

Dated:   January 31, 2012

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendant
Robert Wood Johnson University Hospital Hamilton


By:   *s/ Kerry M. Parker*
KERRY M. PARKER
A Member of the Firm

15