## UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

ROLAND   CHAVEZ,  on  behalf  of: himself and those similarly situated,      :     CIVIL ACTION NO. 11-cv-7097-PGS

               Plaintiff,     :
                          :

v.                        :

ROBERT WOOD JOHNSON HEALTH: SYSTEM, ROBERT WOOD JOHNSON: UNIVERSITY HOSPITAL HAMILTON: and JOHN DOES 1-10,          :

             Defendants. :

---

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL HAMILTON'S MOTION TO PARTIALLY DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendant
Robert Wood Johnson University
Hospital Hamilton
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 642-1900

OF COUNSEL AND ON THE BRIEF:
    Kerry M. Parker

ON THE BRIEF:
    Daniel R. Levy

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES...........................................................................ii

PRELIMINARY STATEMENT ...................................................................1

LEGAL ARGUMENT ...................................................................................2

     PLAINTIFF'S LUNCH DEDUCTION CLAIM SHOULD
     BE DISMISSED BECAUSE HE FAILS TO ALLEGE,
     NOR CAN HE, THAT RWJUHH FAILED TO PROVIDE
     HIM WITH AN OPPORTUNITY TO TAKE A MEAL
     BREAK………………………………………………………....2

CONCLUSION………………………………………………………….5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

<u>Doug Grant, Inc. v. Greate Bay Casino Corp.</u>, 232 F.3d 173
(3d Cir. 2000) ........................................................................ 5

<u>Foman v. Davis</u>, 371 U.S. 178 (1962) ........................................ 4

<u>TriTech Software Sys. v. U.S. Specialty Ins. Co.</u>,
2010 U.S. Dist. LEXIS 132245 (C.D. Cal. Dec. 13, 2010) ...................... 3

**State Cases**

<u>Alcala v. Western Ag Enterprises</u>, 182 Cal. App. 3d 546
(Cal. App. 1986) ...................................................................... 3

<u>Brinker Restaurant Corp. v. Superior Court</u>, 165 Cal. App. 4th 25
(Cal. App. 2008) ...................................................................... 2

<u>Brinker Restaurant Corp. v. Superior Court</u>,
53 Cal. 4th 1004, 139 Cal. Rptr. 3d 315 (Cal. 2012) ................... 1, 2, 3, 4

<u>Hernandez v. Mendoza</u>, 199 Cal. App. 3d 721 (Cal. App. 1988) ............. 3

<u>Monzon v. Schaefer Ambulance Serv.</u>, 224 Cal.App. 3d 16
(Cal. App. 1990) ...................................................................... 3

**RULES AND OTHER AUTHORITIES**

<u>Fed.R.Civ.P.</u> 12(b)(6) .............................................................. 1

IWC wage order No. 5-2001 ........................................................ 3

ii

## PRELIMINARY STATEMENT

Defendant, Robert Wood Johnson University Hospital Hamilton ("RWJUHH"), submits this Supplemental Brief in support of its pending Motion to Partially Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6)[1] and, specifically, with respect to Plaintiff's lunch deduction claim in view of the recent decision by the Supreme Court of California in Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 139 Cal. Rptr. 3d 315 (Cal. 2012).

Here, Plaintiff's claim for improper lunch deductions (which is devoid of any specific allegation that RWJUHH's meal deduction policy violated the FLSA) alleges that Plaintiff was "routinely docked for 30-minute lunch breaks" even if he did not take a bona-fide meal break of at least 30 minutes. (See ECF # 1, Compl., at ¶ 54). As set forth in more detail below, Brinker instructs that an employer is not liable to pay for a meal break not taken where the employer has provided the employee the opportunity to take a meal break. Accordingly, Plaintiff's lunch deduction claim fails as a matter of law and should be dismissed.

---

[1] RWJUHH's supplemental brief is submitted pursuant to the Court's May 17, 2012 Order permitting Defendant to file a sur-reply. (ECF # 26).

## LEGAL ARGUMENT

### PLAINTIFF'S LUNCH DEDUCTION CLAIM SHOULD BE DISMISSED BECAUSE HE FAILS TO ALLEGE, NOR CAN HE, THAT RWJUHH FAILED TO PROVIDE HIM WITH AN OPPORTUNITY TO TAKE A MEAL BREAK.

In <u>Brinker</u>, the defendant employer maintained a policy whereby employees were entitled to a 30-minute meal break for a shift lasting over 5 hours. <u>See</u> <u>Brinker Restaurant Corp. v. Superior Court</u>, 165 Cal. App. 4th 25, 32 (Cal. App. 2008). Plaintiffs in that case filed a class action complaint against Brinker Restaurant Corp. alleging, among other things, that Brinker failed to provide meal periods for days in which non-exempt employees worked in excess of 5 hours and for failing to pay compensation for improperly-provided meal periods. <u>Id.</u> at 34. Specifically, plaintiffs alleged that Brinker failed to provide its hourly employees with a 30-minute uninterrupted meal period for every 5 consecutive hours of work. <u>Id.</u> at 49-50. Plaintiffs also alleged that Brinker failed to: (1) ensure that hourly employees were relieved of all work-related duties during meal periods; and (2) ensure that its hourly employees received or took their meal periods. <u>Id.</u> at 50.

On appeal, the Supreme Court of California, held that under California law, an employer is required simply to relieve the employee of his duty for the designated meal period, "but need not ensure that the employee does no work." 53 Cal. 4th at 1034. The Court concluded that an "employer is not obligated to police meal breaks and ensure no work thereafter is performed." <u>Id.</u> at 1040. Indeed, an

2

employee is not permitted to manipulate the flexibility an employer grants him to take a bona fide meal break by working during his break in an effort to create liability for overtime pay.  See id.

Brinker instructs that an employer is required only to provide an employee the opportunity to take a meal break.  RWJUHH submits that Brinker is applicable here because it is well settled that California wage-hour laws are patterned on the FLSA, and California courts look to the FLSA for "persuasive guidance."  See, e.g., Monzon v. Schaefer Ambulance Serv., 224 Cal. App. 3d 16, 30-31 (Cal. App. 1990) (citing Hernandez v. Mendoza, 199 Cal. App. 3d 721, 726 n.1 (Cal. App. 1988).[2]  Furthermore, Brinker should be followed because meal break claims under California state law and the FLSA are similar.  See, e.g., TriTech Software Sys. v. U.S. Specialty Ins. Co., 2010 U.S. Dist. LEXIS 132245, at *16*17 (C.D. Cal. Dec. 13, 2010) (stating that the California Labor Code is "similar to FLSA implementing regulations" for meal breaks).

As admitted in Plaintiff's Complaint, RWJUHH satisfied the requirement to provide Plaintiff (and other RWJUHH non-exempt employees) with the opportunity to "take a 30-minute unpaid lunch break each shift."  (ECF # 1, Compl., at ¶ 50).  This is further supported by RWJUHH's "Hours of Work"

---

[2] See also Alcala v. Western Ag Enterprises 182 Cal. App. 3d 546, 550 (Cal. App. 1986); IWC wage order No. 5-2001 (expressly stating that "activities constituting exempt and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-116").

policy, which provides that one unpaid meal period of 30 minutes in length shall be authorized.  (See Colligan Cert., Ex. C, ECF #11-2).  Under the reasoning of Brinker, which we urge this Court to follow, there can be no lunch deduction claim against RWJUHH because Plaintiff does not allege (nor can he allege) that RWJUHH did not afford him the opportunity to take a meal break.

Moreover, Plaintiff's brief in opposition to RWJUHH's motion further shows Plaintiff's inability to allege a cognizable lunch deduction claim under the FLSA, as he claims only that he "routinely failed to take a lunch break[.]" (ECF # 18, at p. 15).  Even assuming such an allegation were true, Brinker establishes that such an allegation cannot form the basis of a cognizable lunch deduction claim.  In addition, Plaintiff's speculative statements that "[i]t is also possible that Mr. Chavez occasionally failed to take a lunch break, sporadically failed to [take] a lunch break, or almost never failed to take a lunch break" (ECF # 18, at p. 15), are further evidence that RWJUHH satisfied its obligation to provide Plaintiff with the opportunity to take a meal break.

Consequently, Brinker provides additional support that Plaintiff's lunch deduction claim fails as a matter of law and should be dismissed.  As such, Plaintiff should not be permitted to amend his lunch deduction claim because any amendment of that claim would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend is inappropriate and should be denied when the amendment

4

would be futile); <u>Doug Grant, Inc. v. Greate Bay Casino Corp.</u>, 232 F.3d 173, 188-89 (3d Cir. 2000) (upholding district court's denial of leave to amend because it found that "it would be futile to amend the complaint to include a meritless claim.") (citation omitted).  As a result, although RWJUHH stated in its Reply Brief that "Plaintiff be permitted to amend his lunch deduction claim, provided such claim provides sufficient factual allegations to satisfy the pleading requirements under <u>Iqbal</u> and <u>Twombly</u>[,]"   (ECF #19 at p. 10, n.12), any amendment to Plaintiff's lunch deduction claim would now be futile because it is now undisputed under <u>Brinker</u> that Plaintiff cannot allege a cognizable meal break claim.

## CONCLUSION

For the foregoing reasons, RWJUHH respectfully requests that its motion be granted and that Plaintiff's lunch deduction claim (as well as his rounding claim) be dismissed with prejudice.


Dated:  May 23, 2012                 EPSTEIN BECKER & GREEN, P.C.
                                     Attorneys for Defendant
                                     Robert Wood Johnson University Hospital
                                     Hamilton


                                     By: _____ *s/ Kerry M. Parker* _____
                                         KERRY M. PARKER
                                         A Member of the Firm


5